### EDGERTON *v.* LYNCH.

APPEAL AND ERROR—TRIAL—RIGHT TO PEREMPTORY CHALLENGE.
  Restricting plaintiff in action under death act to four peremptory challenges when, under Act No. 342, Pub. Acts 1921, amending 3 Comp. Laws 1915, § 12612, she was entitled to five, was prejudicial error requiring reversal.

Error to Allegan; Miles (Fred T.), J. Submitted October 9, 1930. (Docket No. 53, Calendar No. 35,161.) Decided December 2, 1930.

Case by Jennie Edgerton, administratrix of the estate of Robert Louis Edgerton, deceased, against Morris B. Lynch for death of her son. From verdict and judgment for inadequate amount, plaintiff brings error. Reversed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for plaintiff.

*Kim Sigler* and *Charles P. Van Note,* for defendant.

McDonald, J. On the 28th of August, 1929, Robert Louis Edgerton, three years and four months of age, was instantly killed when struck by an automobile owned and driven by the defendant. His mother, Jennie Edgerton, as administratrix of his estate, brought this suit under the death act (3 Comp. Laws 1915, § 14577 *et seq.*) to recover the pecuniary loss sustained by herself and her husband. She received a verdict of $1,000. The court refused plaintiff's motion to set it aside on the ground that it was inadequate, and entered judgment on the verdict. The plaintiff has brought error.

During the impaneling of the jury, a question arose as to the number of peremptory challenges which the plaintiff was entitled to exercise. She had exercised four and claimed the right to a fifth. The court overruled the last challenge, holding that, with the exercise of four, her right to peremptory challenge was exhausted. In so ruling the court erred. By statute, Act No. 342, Pub. Acts 1921 (amending 3 Comp. Laws 1915, § 12612), each party in all civil cases is allowed five peremptory challenges. The right of peremptory challenge as restricted by statute is a substantial right of which a party cannot be deprived without prejudice.

It is not necessary to discuss the inadequacy of the verdict.

The judgment is reversed and a new trial granted, with costs to the plaintiff.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.