EDGERTON *v.* LYNCH.

1. Negligence—Sudden Emergency.
    The law makes allowance for acts done in an emergency, and lack of coolness of judgment incident thereto.

2. Trial—Separation of Jurors Over Week-End.
    There was no error in permitting the jurors to separate over the week-end.

3. Same—Permission to Take Map Into Jury Room Within Court's Discretion.
    Refusal of permission to jury to take into jury room a map introduced in evidence was within trial court's discretion.

4. Death—Evidence—Funeral Expenses—Damages.
    In action under death act (3 Comp. Laws 1929, § 14062) for death of three and one-half year old boy, evidence in regard to funeral expenses was properly admitted, since they constitute ''pecuniary injury, resulting from such death.''

5. Negligence—Infants—Contributory Negligence.
    Three and one-half year old boy is incapable of being guilty of contributory negligence.

6. Motor Vehicles—Infants—Driver Not Insurer Against Accidents to Children.
    Driver of motor vehicle is not insurer against accidents to children, and mere happening of such accident does not raise presumption of negligence on part of driver.

7. Same—Driver Held to Greater Degree of Care Where Children Are Seen on Road.
    Courts hold driver of motor vehicle to stricter degree of care when he sees children on the road than when he sees adults.

8. Same—Credibility of Witness Making Contradictory Statements is for Jury—Trial.
    Where driver of automobile sued for death of child testified in former trial that he was driving at rate of 45 miles an hour when child was struck, and in present trial testified that he was driving at 30 miles an hour when child started to cross road 30 feet in front of him, and was going at 25 miles an hour when child was struck, his credibility was for jury.

    As to age at which doctrine of contributory negligence may be applied to children, see annotation in L. R. A. 1917 F, 42.

9. APPEAL AND ERROR—DIRECTED VERDICT.

   On reviewing judgment entered on directed verdict against defendant, Supreme Court must consider defendant's testimony in most favorable light.

10. MOTOR VEHICLES—INFANTS—NEGLIGENCE—SUDDEN EMERGENCY —QUESTION FOR JURY.

   In action for death of child, where defendant testified that he was driving at rate of 30 miles an hour when child started to cross road 30 feet in front of him, and that he had slowed to 25 miles an hour when child was struck, his negligence was question for jury notwithstanding his view was unobstructed, he had observed child when 200 feet away, and he was on wrong side of road when child was struck, since he might have been confronted with sudden emergency, for which law makes allowance.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 12, 1931. (Docket No. 107, Calendar No. 35,667.) Decided October 5, 1931.

Case by Jennie Edgerton, administratrix of the estate of Robert Louis Edgerton, deceased, against Morris B. Lynch for the death of her son. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for plaintiff.

*Kim Sigler,* for defendant.

BUTZEL, C. J. Plaintiff's decedent, Robert Edgerton, three and one-half years of age, was instantly killed about 4 p. m. on August 28, 1929, a clear day, by a car driven by defendant on M-118 traveling east. The child was crossing the 24-foot graveled roadway and was approximately four feet from its north edge when defendant's car struck him. According to defendant's testimony, he saw the child,

when 200 feet away, on the grass plot between the south side of the roadway and the fence of the abutting property. At the first trial of the case, *Edgerton* v. *Lynch,* 252 Mich. 451, defendant testified that he was driving 45 miles an hour when his car struck the child. He, however, changed his testimony in the present case, claiming that he was mistaken in his former testimony, and that when his car reached a point 30 feet from the child, the latter crossed the road and defendant thereupon continued his journey at 25 miles an hour, driving his car to the north side of the road where ordinarily he would have no right to be under the law. The question of fact is presented whether a sudden emergency arose so that defendant had not the opportunity to exercise the care a reasonable man should have under like circumstances, the law making allowances for acts done in an emergency, and lack of coolness of judgment incident thereto. *Gibbard* v. *Cursan,* 225 Mich. 311; *Myler* v. *Bentley,* 226 Mich. 384 (23 N. C. C. A. 859).

The case was submitted to the jury at 4:30 on the afternoon of January 23, 1931; at 5:15 p. m. they were excused until 9 o'clock the next morning, when they deliberated the entire day, and then were excused until Monday, January 26th. At 10:45 a. m. of that day, they advised the court of their inability to come to an agreement. The trial judge thereupon stated that if they were disagreeing on the question of liability, he would instruct them as he should have in the first instance, that under the testimony of defendant he was guilty of negligence. Shortly thereafter they returned a judgment of $2,000 in favor of plaintiff. From this judgment, defendant appeals. The claims of error are taken up *seriatim.*

(a) It is claimed that the court erred in allowing the jury to separate over the week-end. There was

no error in permitting the jurors to so separate. *Hampton* v. *Van Nest's Estate,* 196 Mich. 404; *Spencer* v. *Johnson,* 185 Mich. 85.

(b)   A map was introduced in evidence by the plaintiff and the trial judge refused to permit the jury to take it into the jury room. This was within the trial court's discretion. *Canning* v. *Harlan,* 50 Mich. 320; *Silverstone* v. *London Assurance Corp.,* 187 Mich. 333.

(c)   Error is claimed because plaintiff was allowed to include funeral expenses as part of the damages sought to be recovered. The case was brought under the death act, 3 Comp. Laws 1929, § 14062, providing as follows:

"And in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to those persons who may be entitled to such damages when recovered."

Evidence in regard to funeral expenses was proper. Like loss of earnings, they constitute a pecuniary injury resulting from death.

(d)   The difficult and important question in the case, however, is whether the court should have charged the jury that the defendant under his testimony was guilty of negligence as a matter of law. There was no contributory negligence shown on the part of decedent's parents, nor could the decedent on account of his tender age be guilty of contributory negligence. *Johnson* v. *City of Bay City,* 164 Mich. 251 (Ann. Cas. 1912 B, 866); *Beno* v. *Kloka,* 211 Mich. 116. The case is not one where a child has darted from behind another automobile or an object obstructing defendant's view. Defendant admits that the road was clear and that he saw the child for a distance of 200 feet, but the child did not cross

the road until the car was only 30 feet away. A driver is not an insurer against accidents to children, and the mere happening of such accident does not raise a presumption of negligence on the part of the driver. *Barger* v. *Bissell,* 188 Mich. 366. However, the courts have properly held drivers to a stricter degree of care when they see children on the road than when they see adults. *Silberstein* v. *Showell, Fryer & Co.,* 267 Pa. 298 (109 Atl. 701); *Ratcliffe* v. *McDonald's Administrator,* 123 Va. 781 (97 S. E. 307); *Jacoby* v. *Gallaher,* 10 La. App. 42 (120 South. 888). Whether defendant is entitled to have the question of his liability determined by a jury is a close one. It only becomes such through the correction of defendant's testimony given at the first trial of this case. It was for the jury to consider the credibility of defendant and to weigh the testimony of plaintiff as opposed to that of defendant. On the direction of a verdict we must consider the testimony of the defendant in the most favorable light. There may be a possibility that defendant met with an emergency and acted as best one exercising reasonable care could under the circumstances. Even though, after reading the testimony of the plaintiff and defendant, we may be inclined to agree with the conclusions reached, defendant could not under his testimony be deprived of the right to have the question of his negligence passed upon by the jury. That they were unable to agree for several days until the judge instructed them to find liability, would indicate that they were not all of one mind as to defendant's liability.

The judgment is set aside, with costs to defendant, and a new trial ordered.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.