MICKS v. NORTON.

1. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—IN-
FANTS.
Child five years and eleven months old, struck by automobile,
is incapable of being guilty of contributory negligence.

2. SAME—QUESTION FOR JURY.
Question of negligence of driver of automobile striking child
on street in business district was properly submitted to jury,
under evidence (1 Comp. Laws 1929, § 4693).

3. DEATH—SURVIVAL ACT—TEST AS TO WHICH ACT APPLIES.
Whether cause of action arises under death act (3 Comp. Laws
1929, §§ 14061, 14062) rather than under survival act (sec-
tion 14040), depends on whether active cause of death con-
tinued to operate directly upon injured person until life was
extinct.

4. SAME—QUESTION FOR JURY.
Whether death of child struck by automobile was instantaneous
was properly submitted to jury, where witness who arrived
before doctor testified that child was alive when she arrived,
although doctor testified that child was dead when he arrived,
and, in answer to hypothetical question, said death was in-
stantaneous.

Appeal from Delta; Bell (Frank A.), J.  Sub-
mitted October 30, 1931. (Docket No. 128, Calendar
No. 35,989.)  Decided December 8, 1931.

Case by Bernard J. Micks, administrator of the
estate of Junior Berton, deceased, against Herbert
J. Norton under survival act for personal injuries
resulting in the death of plaintiff's decedent.  Ver-
dict and judgment for plaintiff.  Defendant appeals.
Affirmed.

As to contributory negligence of child running in front of auto-
mobile, see annotation in 26 L. R. A. (N. S.) 435; 14 A. L. R.
1191; 65 A. L. R. 211; 67 A. L. R. 329.
On instantaneous death as test of right of action or amount of
recovery, see annotation in L. R. A. 1916C, 973.

*N. C. Spencer,* for plaintiff.

*John J. O'Hara (James E. Coleman,* of counsel), for defendant.

Potter, J.  Plaintiff brought suit against defendant to recover damages for personal injuries suffered by plaintiff's intestate, resulting from his being hit by an automobile alleged to have been negligently driven by one John Skoglund employed by defendant in his garage where the automobile in question had been placed for repairs; it being operated by Skoglund in testing it at the time of the accident.  Plaintiff's intestate died as a result of his injuries.  The negligence charged against defendant, legally responsible for the acts of Skoglund, was:  Driving the automobile in the business district of Kipling at a speed greater than allowed by law; failing to keep a lookout for children on the highway; failing to keep a lookout for plaintiff's intestate while on the highway; driving the automobile at a speed greater than reasonable and proper, having regard to the traffic, surface, and width of the highway; driving without due caution and circumspection, at a speed, and in a manner, likely to endanger the person of plaintiff's intestate; and driving the automobile at a greater speed than would permit him to stop it within the assured clear distance ahead.  There was testimony that the accident occurred within the business district, as defined by section 4693, 1 Comp. Laws 1929, of Kipling, a small village in Delta county.

Plaintiff's intestate was five years and 11 months old at the time of his injury.  A child of his age cannot be guilty of contributory negligence.  *Johnson* v. *City of Bay City,* 164 Mich. 251 (Ann. Cas.

1912B, 866); *Love* v. *Railroad Co.,* 170 Mich. 1; *Beno* v. *Kloka,* 211 Mich. 116; *Easton* v. *Medema,* 246 Mich. 130.

Skoglund was acting within the scope of his employment. He was driving the automobile in question through the business district of the village of Kipling at a speed variously estimated at from 20 to 35 miles an hour. Plaintiff's intestate was out of school, on the street. Skoglund, the driver of the car, testified he noticed the boy 150 or 200 feet from him. The automobile traveled 75 feet from the point of the impact before it was stopped. There was testimony the child, when hit by the automobile, was thrown in the air. There was sufficient evidence to take the case to the jury upon the question of the negligence of the driver of the automobile, and no error in the manner in which the question of Skoglund's negligence was submitted to the jury.

Defendant contends there can be no recovery under the survival act (3 Comp. Laws 1929, § 14040), upon which the declaration was based, but if there is any liability it is under the death act (3 Comp. Laws 1929, §§ 14061, 14062). Sofia Rajala, grandmother of plaintiff's intestate, went to the store into which plaintiff's intestate had been carried, after the injury. She testified the child was living when she reached the store, that she felt of his chest and could feel his heart going. Subsequently one Doctor Bjorkman came. He testified, in response to a hypothetical question, death was instantaneous. He says the child was dead when he arrived. He was coroner.

"There is no occasion for saying that one dies instantly because such survival is accompanied by a comatose condition, or unconsciousness." *Olivier* v.

*Railway Co.,* 134 Mich. 367 (104 Am. St. Rep. 607, 3 Ann. Cas. 53).

"The recognized test in this State, distinguishing between the two causes of action, survival and instantaneous death, is whether the active cause of death continued to operate directly upon the injured person until life was extinct." *Swaczyk* v. *Detroit Edison Co.,* 207 Mich. 494.

The rule above stated was recognized and applied in *Budnick* v. *Peterson,* 215 Mich. 678, and *Nelson* v. *Glover,* 231 Mich. 229. Whether death was instantaneous or plaintiff's intestate survived was, under the proof, a question of fact. It was properly submitted to the jury. We find no error. Judgment affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.