BENEDICT *v.* RINNA.

1. NEGLIGENCE—PLAINTIFF ALLEGING NEGLIGENCE HAS BURDEN OF PROOF.
    In action for personal injuries alleged to be due to defendant's negligence, plaintiff has burden of proof.

2. SAME—NEGLIGENCE MAY NOT BE INFERRED.
    In absence of proof as to how plaintiff's injuries occurred, defendant's negligence may not be inferred.

3. MOTOR VEHICLES—NEGLIGENCE—DIRECTED VERDICT.
    In action for personal injuries to six-year old boy, alleged to be due to defendant's negligent operation of motor truck, where there was no proof as to how plaintiff was injured, trial court properly directed verdict for defendant.

Appeal from Wayne; Carr (Leland W.), J., presiding. Submitted January 28, 1932. (Docket No. 162, Calendar No. 36,066.) Decided March 2, 1932.

As to contributory negligence of children, see annotation in L. R. A. 1917F, 42, 76.

Case by James Benedict, by next friend, against
Rocco Rinna for personal injuries alleged to have
been due to defendant's negligent operation of his
delivery truck. Directed verdict and judgment for
defendant. Plaintiff appeals. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Howard D. Brown (George H. Cary,* of counsel),
for defendant.

Potter, J. Plaintiff, who at the time of the injury
complained of was less than six years old, brought
suit against defendant to recover damages for in-
juries alleged to have been suffered by reason of de-
fendant's negligent operation of a motor truck. The
negligence complained of was driving at an exces-
sive rate of speed without having the motor vehicle
under proper control, failure to give warning of its
approach, driving it too close to the curb, and failing
to operate it with that due care and caution required
for the safety of others. From a verdict directed
for defendant, plaintiff appeals.

Defendant owned a grocery store in Detroit. On
the day of plaintiff's injury he drove the delivery
truck and delivered groceries to the home of plain-
tiff's parents. He stopped his delivery truck in
front of the house and delivered the groceries in the
house. Plaintiff and his brother, who was a little
older than he, were playing on the sidewalk when
defendant went into the house. When he came out
they were still there. Defendant went around to the
left side of the truck, got in and drove away. He
says he did not know of plaintiff's injury until after-
ward; that he went at once, after learning of plain-
tiff's injury, to the house to see him. He testified,

on cross-examination, that at that time plaintiff's brother told him plaintiff was injured because he put his foot under the wheel of the truck. On the trial, plaintiff's brother testified he did not see defendant's truck run over plaintiff; that the first he saw plaintiff after he was injured, he was on the sidewalk crying; that he did not know anything about how he was injured, though he admits he told defendant how the injury occurred. A fair inference from all his testimony is he did not see the accident and does not know how plaintiff was injured. Plaintiff testified in his own behalf that he did not remember what happened, did not know how he was hurt, and did not claim defendant's truck ran over him. Plaintiff's father testified he could not find out how plaintiff was injured. Several physicians testified to the extent of plaintiff's injury. The trial court directed a verdict for defendant.

It is well settled that the burden of proof was upon the plaintiff to show his injuries resulted from defendant's negligence. It is admitted plaintiff was injured in some way. There is no proof from which defendant's negligence may be legitimately inferred. The question of plaintiff's contributory negligence was not involved, he being but five years and eight months old at the time of the injury. *Johnson* v. *City of Bay City,* 164 Mich. 251 (Ann. Cas. 1912 B, 866); *Beno* v. *Kloka,* 211 Mich. 116; *Easton* v. *Medema,* 246 Mich. 130; *Edgerton* v. *Lynch,* 255 Mich. 456.

We think the court arrived at a correct conclusion, and judgment is affirmed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.