BRINKER v. TOBIN.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE OF GIRL SEVEN YEARS
   AND SEVEN MONTHS OLD—DIRECTED VERDICT.

   In action for personal injuries, sustained by girl seven years
   and seven months of age when struck by defendant's car while
   she was getting to her home on the other side of a dry, paved
   street about 2:30 in the afternoon of a clear day, direction
   of verdict for defendants on ground that plaintiff's ward
   was guilty of contributory negligence held, correct under evi-
   dence.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUBSEQUENT NEG-
   LIGENCE.

   Question of subsequent negligence of motorist in accident where-
   in girl pedestrian, seven years and seven months of age, was
   seriously injured while crossing street held, not involved
   where contributory negligence of infant and negligence of
   motorist, if any, concurred up to time of impact.

Appeal from Delta; Stone (John G.), J., presid-
ing. Submitted October 22, 1936. (Docket No. 131,
Calendar No. 39,234.) Decided December 8, 1936.

Case by Lillian Brinker, guardian of June Brink-
er, a minor, against Edward J. Tobin and Marion
Tobin, his wife, for personal injuries sustained by
plaintiff's ward when hit by an automobile while
attempting to cross a road. Directed verdict and
judgment for defendants. Plaintiff appeals. Af-
firmed.

*Denis McGinn* (*Spencer & McCormack,* of coun-
sel), for plaintiff.

*H. J. Rushton* (*G. R. Empson,* of counsel), for
defendants.

BUSHNELL, J. This is a negligence action which
arose out of the injury to a minor child who was

struck while crossing a street in the city of Escanaba. Defendant Marion Tobin was driving her husband's automobile in a northerly direction about 2:30 in the afternoon along the paved portion of the street with an unobstructed view for a distance of about 1,000 feet; the day was clear and the pavement dry; she saw two children running along the easterly side of the road and claims she sounded her horn.

It is the claim of plaintiff that the little girl who was injured stood on the east side of the road, looked to the north, and waited for a car to pass from that direction; that she looked again to see whether there were any other cars coming from either direction and seeing none, started across the pavement; that when about in the middle of the road she was struck by the Tobin car. She said she did not hear the sound of any horn.

Mrs. Tobin testified that she had taken her children to a football game, had turned around and was coming home alone when she saw two little girls looking towards the north; that she sounded her horn and suddenly one of the children ran directly in front of the car, as she came opposite them. She said that when this occurred, her car was about in the middle of the right hand lane with its right wheels some two or three feet from the edge of the pavement and that her car could not have been more than one foot to the south and three feet to the west of the child when she started to run across the road. Mrs. Tobin said she swerved to the left and stopped immediately. Later she said, referring to the child:

"After she started to run she looked and it was too late * * * One little girl made an effort to start and she turned and saw the car and stopped, but

Betty did not turn until she started running. She ran first and then looked. Before I hit her, this child went about two feet.''

At the time of the accident the child was seven years and seven months old. She testified that she knew it was dangerous to go out into the road without looking and that there had been heavy traffic going south to the football game, but hardly any cars going north. The little girl was apparently well acquainted with the road and its traffic conditions as she lived only a short distance from the scene of the accident. Fortunately the injuries were not fatal although they did involve considerable suffering and three months of hospitalization with some bad after-effects.

A disinterested witness testified that he was driving in a southerly direction, saw the car coming and observed the children. When he turned his head for a moment to speak to his passenger, the accident occurred, but he did not see the actual impact.

The trial judge granted defendants' motion for a directed verdict on the grounds of contributory negligence and the principal question raised by the appeal is the claimed error of the court in this particular.

Appellant says that a child seven years and seven months old should not be held to any greater degree of care than an average child of that age and that since her mind was intent upon eluding her pursuer (referring to testimony that Betty was running in front of the other child along the side of the road) and getting to her home across the street, her intelligence and experience should be determined by a jury who alone should pass upon the question of contributory negligence.

In *Stehouwer* v. *Lewis,* 249 Mich. 76 (74 A. L. R. 844), a 10-year old boy was struck by an automobile and the trial court permitted the jury who found for defendant to pass upon the question of contributory negligence. We affirmed that judgment.

We also affirmed a judgment arising out of the death of a seven-year and one month old boy who was struck while running across the street and said:

"In considering the question of contributory negligence of plaintiff's decedent, we must be mindful of the fact that he was a lad of tender years." *Oakes* v. *Van Zomeren,* 255 Mich. 372.

In the latter case there was testimony that the boy was well towards the center line of the street before defendant's car came into view. The opinion states:

"He had a right to be there. There were no other vehicles in the immediate vicinity. Under such circumstances there would seem to be no excuse or justification for defendant so operating his automobile as to strike the boy."

However, there is nothing in either opinion to indicate that any claim was made that the trial court should have directed a verdict for the defendant as a matter of law.

The authorities on this question were collected in *Knickerbocker* v. *Railway Co.,* 167 Mich. 596, and *Mollica* v. *Railroad Co.,* 170 Mich. 96 (L. R. A. 1917F, 118). In the latter case, plaintiff's decedent was nine years and six months old when he was injured. We quote the following:

"Where the plaintiff is an infant of such tender years as to be without discretion, contributory neg-

ligence cannot be imputed to him; and such is the general presumption where the child is under the age of 7 years. It is also held by some authorities that such presumption obtains, *prima facie,* until the age of 14 years is reached; but, where capacity is shown, the general rule of contributory negligence will apply. While in the case of a child between the ages of 7 and 14 years the allegation of age might raise some presumption which tends to remove the imputation of neglect, it is mainly a matter of pleading; and the fact, when proven on the trial, does not establish that freedom from negligence essential to recovery.

"In the case of a child of the age of deceased, the law is well settled in this State that he is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age and capacity; and the want of that degree of care is negligence. The fact that he may not have as mature judgment as an adult will not excuse him from exercising the judgment and discretion which he possesses, or from heedlessly rushing into known dangers. Where the dangers are known and understood by him, the rule of contributory negligence is fully applicable."

An examination of the testimony in the instant case and a consideration of the authorities cited and quoted compels the conclusion that the trial court was correct in directing a verdict on the ground stated.

Appellant also contends that the record presents a question of subsequent negligence. Assuming that Mrs. Tobin was guilty of negligence and finding that the infant was guilty of contributory negligence, the testimony indicates that these two acts concurred up to the time of impact and, therefore, the question of subsequent or discovered negligence is not compatible with the physical facts. Since the

record does not present any basis for the consideration of the doctrine of subsequent negligence, it need not be further discussed.

The judgment for defendant is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.