GUSCINSKI *v.* KENZIE.

1. Negligence—Contributory Negligence—Five-Year Old Child.
    A five-year old boy is too young to be guilty of contributory negligence.

2. Automobiles—Infants—Negligence—Evidence—Instructions.
    In action by five-year old boy to recover for injuries to head when defendant backed up his car on another person's automobile sales lot on which children had been forbidden to play, finding of jury that defendant was not guilty of negligence *held,* final where all circumstances attending the accident appeared in the evidence and proper instructions were given jury as to testing care exercised by defendant.

3. Same—Requested Instructions—Private Property—Exits—Public Ways.
    Refusal of trial judge to give requested instructions pertaining to public ways and care to be exercised thereon or in use of exits over private ways coming in contact with use of public ways *held,* proper in action by five-year old boy for injuries sustained on automobile sales lot when defendant motorist backed car into him when putting his car in a position to use an exit from the lot since such instructions were inapplicable.

4. Same—Infants—Negligence—Great Weight of Evidence.
    Verdict for defendant motorist in action by five-year old boy for injuries sustained when motorist backed up his car on an automobile sales lot on which occupier had forbidden that children play *held,* not against great weight of evidence on issue of defendant's negligence.

Appeal from Jackson; Simpson (John), J. Submitted October 8, 1937. (Docket No. 74, Calendar No. 39,676.) Decided November 10, 1937.

Case by Donald Guscinski, an infant, by his next friend, Frank Guscinski, against Anthony Kenzie for personal injuries sustained when defendant's automobile backed into plaintiff. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Phillip C. Kelly,* for plaintiff.

*Bisbee, McKone, Wilson, King & Kendall,* for defendant.

WIEST, J. A five-year old boy lived near an automobile sales lot. The afternoon of September 4, 1936, defendant drove his car upon the lot, stopped near the building thereon and spent something like an hour tinkering with the car and also went into the building. While he was so engaged the boy came on the lot, sat down near the side of the building and the rear of the car, and was playing in the dirt. When defendant was ready to leave he backed his car to make a turn and leave by the way he had come upon the lot and a rear wheel struck the top of the head of the boy, practically scalping but not killing him.

Upon trial by jury defendant had verdict; a new trial was denied and, upon appeal, error is alleged in refusal of the court to give requested instructions and in the charge as given.

At the time the boy was struck the car had been backed about its length. The negligence claimed was in failing to make proper observation before backing the car and in failing to give a warning signal.

Defendant testified that when he got his car fixed he decided to back it around the corner of the building and head out the same way he had come in; that he looked back of his car and did not see the boy sitting there; that when he got in his car he immedi-

ately started the motor, put it in reverse and looked around; that he had to make a sharp curve and started backing up slowly and did not see anybody; after he got in his car he looked in the mirror, through the rear window and out the left side of the car in the direction in which he was going to back and still did not see the boy; he gave no signal.

The court instructed the jury:

"What did the defendant do with reference to the backing up of the auto? What, if anything, did he fail to do? Did he under all of the circumstances, as you find them to be, act as a reasonably careful and prudent person would have acted, or did he not so act? If he did not so act as a reasonably prudent and careful person would have acted, then he would be negligent. If he acted as a reasonably careful and prudent person would have acted, then he would not be negligent, and the plaintiff cannot recover. If a reasonably careful and prudent person would have seen the child back of the auto and would not have backed the auto until the child was in a place of safety, then the failure of the defendant so to observe the child and to back into and injure him would be negligence."

The instruction was all that could be said upon the subject of negligence.

The boy was too young to be guilty of contributory negligence and the court so instructed the jury.

The place of the accident was not public, nor was it defendant's property upon which he had permitted children to play, and there is nothing in the record tending to show that he was put upon notice of children being upon the lot. There was testimony that children had been forbidden by the occupier of the premises from coming upon the lot.

The instructions requested by plaintiff have been examined and found to apply to public places or

places where children were known to congregate and play.

All the circumstances attending the accident appeared in the evidence, such as the location of the automobile previous to backing; the position of the little boy; the opportunity of defendant to observe and the observation he made before and while backing the automobile; the fact that the place was private and not public and whether defendant was aware of children being upon the premises, and all else; and, the jury having all this before them, found defendant acted as a reasonably prudent man and was not guilty of negligence.

The facts were disclosed; the right test was applied, and the verdict must be taken as final unless there was some serious error in refusing the requested instructions or in the charge as given. The ordinary and easily understood test of whether defendant was guilty of negligence was stated and restated by the court, and an examination of the instructions fails to disclose any departure therefrom or confusion induced thereby.

The instructions requested, and not given, related to public ways and care to be exercised thereon or in the use of exits over private ways coming in contact with use of public ways and, therefore, not applicable to issue in the case at bar.

We do not find the verdict contrary to the great weight of the evidence.

We find no reversible error and the judgment is affirmed, with costs to defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.