BAKER v. ALT.

1. AUTOMOBILES — BICYCLES — MINORS — OBSERVATION — INSTRUC-
TION—NEGLIGENCE—QUESTION FOR JURY.

Question of northwesterly bound defendant motorist's negligence
was properly left to jury in action by westbound nonstopping
bicyclist, 6 years, 10-1/2 months, of age on wrong side of
street for injuries sustained in collision at intersection of city
streets controlled by traffic light that was flashing red for
westbound vehicles and cautionary yellow for defendant *held,*
properly left to jury in view of conflicting testimony as to
what was observable and fact that defendant's attention was
diverted by presence of 2 other bicyclists who had just pre-
ceded plaintiff and narrowly missed defendant's car.

2. NEGLIGENCE—ACCEPTABLE STANDARD OF CONDUCT—QUESTION FOR
JURY.

Negligence is conduct that fails to measure up to an acceptable
standard, and whether or not the standard has been attained
is normally a jury question.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 429, 447.
8 Am Jur 2d, Automobiles and Highway Traffic §§ 737, 741, 743,
1012, 1013.
[2] 38 Am Jur, Negligence §§ 2, 344.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1030.
Instructions on sudden emergency in motor vehicle cases. 80
ALR2d 5.
[4] 53 Am Jur, Trial §§ 34, 156, 574, 579.
[5] 38 Am Jur, Negligence §§ 204, 205.
7 Am Jur 2d, Automobiles and Highway Traffic § 431.
Contributory negligence of children. 107 ALR 4, 174 ALR 1080.
[6] 7 Am Jur 2d, Automobiles and Highway Traffic § 431.
Contributory negligence of children. 107 ALR 4, 174 ALR 1080.
[7] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 903, 1006.
38 Am Jur, Negligence § 334.

3. AUTOMOBILES — BICYCLES — EMERGENCY — INSTRUCTIONS — NEG-
LIGENCE.

Reversible error was not committed by the trial court in instruct-
ing jury as to application of emergency doctrine in young
westbound bicyclist's action against northwesterly bound motor-
ist, where 2 slightly older bicyclists had preceded plaintiff
into intersection also on wrong side of street, and jury was
directed not to consider the emergency rule if defendant were
negligent in contributing to causing the emergency and proper
request for such instruction had been presented.

4. APPEAL AND ERROR—TRIAL—PLEADINGS—EVIDENCE—INJECTED IS-
SUES.

The injection of an issue into a case not properly present under
either the pleading or the evidence is reversible error.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—7-YEAR-OLD CHILD.

An infant under 7 years of age is incapable of contributory neg-
ligence.

6. AUTOMOBILES—BICYCLES—MINORS—CONTRIBUTORY NEGLIGENCE—
REQUEST TO CHARGE.

The failure of the trial court to give duly submitted request to
charge that plaintiff, being a minor child 6 years of age at time
of accident could not be charged with contributory negligence
constituted reversible error, where plaintiff bicyclist was 6
years and 10-1/2 months old at time he was injured when he
collided with defendant's car at city street intersection.

7. SAME—BICYCLES—NEGLIGENCE—EVIDENCE.

The testimony as to conduct of westbound bicyclist who was 6
years and 10-1/2 months of age at time and riding his bicycle
at 7 a.m. on a Sunday morning on the wrong side of the street
at an intersection would be admissible as bearing upon the
question of whether northwesterly bound motorist with whose
car plaintiff collided was guilty of any causal negligence.

DETHMERS and KELLY, JJ., dissenting.

Appeal from Kent; Hoffius (Stuart), J. Sub-
mitted November 5, 1964. (Calendar No. 60, Dock-
et No. 49,534.) Decided February 2, 1965. Rehear-
ing denied April 7, 1965.

Action by William Baker, a minor, by his next
friend, Harry A. Baker, against John R. Alt for in-

juries sustained as a result of an automobile-bicycle collision on July 21, 1957. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Dilley & Dilley (Robert W. Dilley,* of counsel), for plaintiff.

*Cholette, Perkins, & Buchanan (Edward D. Wells,* of counsel), for defendant.

O'HARA, J. This is an appeal from an order denying a motion for a new trial in an automobile accident case, tried to a jury which returned a no cause verdict.

William Baker, whom we shall refer to as Billy herein, was injured when the bicycle he was riding collided with the automobile driven by defendant Alt. Billy's father, as his next friend, brought the action on his behalf against Mr. Alt and the Square D. Company. As to Square D., the suit was dismissed.

The accident occurred at a street intersection in East Grand Rapids at a little after 7 a. m. on a Sunday. Billy was riding westerly on Hall street. Mr. Alt, were the intersection square, would have been driving north on Lake drive. His actual direction was roughly northwest. Billy was riding on the wrong side of the street. There was against him at the intersection a red flasher which was cautionary yellow as to defendant Alt. Billy's bike was new. He was attempting to catch 2 other boys, his brother Harry and Chris Nelson, who had preceded him through the intersection, narrowly missing collision with defendant's car. Billy, at the time of the accident, was 6 years, 10 months, and 17 days old; his companions were both 9.

The case presents the usual controverted fact issues concerning Mr. Alt's lookout, whether he should have seen what is claimed to have been there to be seen. There are the usual diagrams, measurements, and photographs. Distances and speeds are testified to with the usual variations. It is claimed by plaintiff that defendant was guilty of causal negligence as a matter of law. Error is assigned by reason of the trial court's refusal to direct a verdict. We do not find the claim meritorious. What defendant would have been able to see down the street upon which the cyclist approached was clearly in factual dispute. There is no question of excessive speed on his part. His attention, he testified, was diverted by the presence of the 2 older boys riding upon bikes on the wrong side of the street and without stopping for the traffic control signal against them.

The question of the driver's negligence under the circumstances was properly for the jury. This question is no less one of fact than the contributory negligence of a plaintiff. See the oft-reiterated rule in *McKinney* v. *Yelavich,* 352 Mich 687, 691, 692:

"All will agree, of course, that negligence is conduct that fails to measure up to an acceptable standard. The standard now employed by the law is that of a reasonably prudent man acting under the same or similar circumstances. Whether or not the standard has been attained is, normally, a jury question. Only under the most extreme circumstances, those, in fact, where reasonable minds could not differ upon the facts, or the inferences to be drawn therefrom, can the case be taken from the jury. If honest differences of opinion between men of average intelligence might exist, the issue should not be resolved by the court alone."

Plaintiff assigns error also on the ground that the trial court injected into the case the "emergency" doctrine which had not been pleaded and for which no factual basis existed. We cannot agree. Defendant testified that he observed and was relying upon the red flasher controlling Hall street traffic. When he was about 100 feet from the intersection, the 2 older boys came through the red light. They passed, according to his estimate, within 15 feet of his car. They testified at variance with their earlier deposed version, but, under either, it is apparent that the driver's attention was diverted by their appearance. Mr. Alt admits not having seen Billy nor having applied the brakes until the moment of impact. Whether his observations would have been different in focal point of attention, or whether his management of the vehicle would have been different had the older boys not entered the intersection at the time and under the circumstances they did, were proper considerations for the jury under the instructions as given. Appellant urges strongly that because defendant did not see plaintiff until the moment of impact no emergency in fact existed. We think this argument fails to take into account whether it could have been *because* of the appearance of the 2 cyclists in the wrong lane and the driver's natural retention of his attention upon them for some period that may have caused his failure to see the third youngster before he did. In actuality, the doctrine of "sudden emergency" is nothing but a logical extension of the "reasonably prudent person" rule. The jury is instructed, as was done here, that the test to be applied is what that hypothetical, reasonably prudent person would have done under all the circumstances of the accident, whatever they were. The trial judge here was meticulous in instructing the jury that the "emergency" rule could

not be considered if defendant in any manner negligently contributed to causing the "emergency", and, further, that he had to be making proper and reasonable use of his senses under the circumstances that had been testimonially described.

We do not here dilute the doctrine, which is our settled law under the cases cited by appellant, that the injection of an issue into a case not properly present under either the pleading or the evidence is reversible error.

In the instant case, the defendant claimed the benefit of the "emergency" rule and requested instruction to cover it. There was evidence from which the jury could have found the instruction applicable or inapplicable. The instruction as given was correct. We are unable to agree with appellant's second assignment of reversible error.

The third ground urged by appellant presents a question to which meticulous attention must be given. It involves a fundamental substantive rule of law. Precedent is unclear. Our answer is of importance to the jurisprudence of the State.

Appellant submitted the following request to charge:

"I charge you in this case that plaintiff, at the time of the accident being a minor child *of six years of age,* he cannot be charged with contributory negligence."

The court refused the instruction. Appellant properly preserved the claim of error. The court advised counsel that he would allow the question to go to the jury under the authority of *Tyler* v. *Weed,* 285 Mich 460. If *Tyler* is to be understood and applied precedentially, it must be read in the light of its related antecedent written 9 years earlier. *Easton* v. *Medema,* 246 Mich 130.

In *Easton* there was a 4-to-4 split on the question of whether an infant 5 years and 8 months old could be chargeable with contributory negligence. Justice POTTER wrote for the rule he attributed to *Daniels v. Clegg,* 28 Mich 32, where the driver of a team of horses was a 20-year-old girl. It was urged by defendant that the minor-driver should have been held to the same degree of care that would have been required of her plaintiff-father. The Court rejected that rule and adopted, rather, the test of the degree of skill required by a person of her age and sex. In Justice POTTER's opinion there follows immediately after a quote from *Clegg* an excerpt from *Washington & G. R. Co.* v. *Gladmon,* 15 Wall (82 US) 401 (21 L ed 114). Its placement in the decision leads to the erroneous conclusion that it was included in *Clegg.* The excerpt reads in part:

" 'Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child three years of age less caution would be required than of one of seven.' " *Easton* v. *Medema, supra,* 136.

This quotation nowhere appears in *Clegg.* This citation and another from *Plantza* v. *Glasgow Corp.,* 1910 Session Cases 786, reading also in part:

" 'I reject altogether the idea that a boy of five cannot be guilty of contributory negligence.' " *Easton* v. *Medema, supra,* 136, 137.

are the seedlings from which the "no age" doctrine in our State seems at least to have sprung. Carried to its ultimate, it would necessarily result in the conclusion that a creeper or 3-year-old toddler would be held to that degree of care to be reasonably expected of a creeper or toddler of the same age and experience. For this proposed rule, there were 4 votes.

Justice FEAD, though concurring in the reversal and grant of a new trial, dissented as to the contributory negligence rule:

"I concur with Mr. Justice POTTER *except in his ruling that the question of plaintiff's contributory negligence was for the jury.*

"Regardless of the general principles governing care required of children and the weight and conflict of authority as to the age at which a child may be charged with contributory negligence (45 CJ p 1002), it is settled law of this State that a child under 6 years of age cannot be so charged. *Johnson* v. *City of Bay City,* 164 Mich 251 (Ann Cas 1912B, 866), where the child was 5 years, 4 months old; *Love* v. *Detroit, J. & C. R. Co.,* 170 Mich 1, the child being 5 years and 5 months of age; *Beno* v. *Kloka,* 211 Mich 116, where the child was 5 years and 11 months of age, 3 months older than plaintiff here, and his alleged negligence was similar to that charged against plaintiff.

"Upon this point the opinion of Mr. Justice POTTER cannot prevail without overruling these cases. The circuit court properly held, as a matter of law, that, because of her age, plaintiff was not guilty of contributory negligence." (Emphasis supplied.) *Easton* v. *Medema, supra,* 138.

For this doctrine Justice FEAD had the support of the balance of the Court. Thus, as of 1929, this Court was evenly divided as between the principle that the contributory negligence of an infant is always a question of fact and that at least under 6 the infant is not chargeable with contributory negligence as a matter of law.

In 1938 *Tyler, supra,* was decided. This time the alignment of Justices was 4-2-1, with 1 Justice not participating.

Justice McAllister, joined by Justice Bushnell, in an exhaustively annotated decision analyzed *Easton* and a number of other decisions as follows:

"*Easton* v. *Medema,* 246 Mich 130, marked a turning point in our decisions involving the question of contributory negligence of infant plaintiffs. In that case an evenly divided court disagreed upon whether the contributory negligence of a child five years and eight months old was a question for the jury, and Mr. Justice Fead in his opinion stated the following:

" 'Regardless of the general principles governing care of children and the weight and conflict of authority as to the age at which a child may be charged with contributory negligence (45 CJ p 1002), it is settled law of this State that a child under 6 years of age cannot be so charged. *Johnson* v. *City of Bay City,* 164 Mich 251 (Ann Cas 1912B, 866), where the child was 5 years, 4 months old; *Love* v. *Detroit, J. & C. R. Co.,* 170 Mich 1, the child being 5 years and 5 months of age; *Beno* v. *Kloka,* 211 Mich 116, where the child was 5 years and 11 months of age, 3 months older than plaintiff here, and his alleged negligence was similar to that alleged against plaintiff.'

"Following *Easton* v. *Medema, supra,* it was held that a child four years and three months of age was too young to be guilty of contributory negligence, *Door* v. *Valley Lumber Co.,* 254 Mich 694; that an infant three and one-half years of age could not be guilty of contributory negligence, *Edgerton* v. *Lynch,* 255 Mich 456; that a child five years and eleven months old could not be guilty of contributory negligence as a matter of law, *Micks* v. *Norton,* 256 Mich 308; and it was held in *Benedict* v. *Rinna,* 257 Mich 349, that the question of infant plaintiff's contributory negligence was not involved, he being only five years and eight months old; and later by unanimous opinion it was held in *Guscinski* v. *Kenzie,* 282 Mich 204, that a boy five years old was too young to be guilty of contributory negligence.

"Since Mr. Justice Fead's opinion in *Easton* v. *Medema, supra,* there has been no mention by the Court of any factor other than age in determining the capacity of a child under seven years, to be guilty of negligence. However, the general question of an infant's negligence again arose in *Brinker* v. *Tobin,* 278 Mich 42, a case involving a girl seven years and seven months old.

"The trial court had directed a verdict for the defendant and against the guardian of the child on the ground that as a matter of law under the particular circumstances of that case, the child had been guilty of contributory negligence. On appeal the trial court was affirmed, and the court in its opinion quoted with approval the following from *Mollica* v. *Michigan C. R. Co.,* 170 Mich 96 (LRA 1917F, 118), a case involving a child nine years and six months old:

" 'Where the plaintiff is an infant of such tender years as to be without discretion, contributory negligence cannot be imputed to him; and such is the general presumption where the child is under the age of 7 years. It is also held by some authorities that such presumption obtains, prima facie, until the age of 14 is reached; but, where capacity is shown, the general rule of contributory negligence will apply. While in the case of a child between the ages of 7 and 14 years the allegation of age might raise some presumption which tends to remove the imputation of neglect, it is mainly a matter of pleading; and the fact, when proven on the trial, does not establish that freedom from negligence essential to recovery.'

"If the general presumption is that contributory negligence cannot be imputed to infants under the age of seven years as repeatedly announced by our Court, we are faced in this case with such a general presumption. To hold that contributory negligence can be imputed to this infant plaintiff is to violate the rule which has been apparently unquestioned in this Court up to the present time. No argument is advanced by counsel for defendant why this general presumption should be set aside, unless we are to

overrule our past decisions; and no argument has been given why this case should be considered an exception to the general presumption."

Chief Justice WIEST, joined by 3 of his associates, chose to ignore *Easton,* or at least consider it not in point nor in conflict. He quoted with approval from *Eckhardt* v. *Hanson,* 196 Minn 270 (264 NW 776, 107 ALR 1), the following:

" 'Under a proper instruction the Massachusetts rule is the more sound and the one most likely to insure just result. It does not cast upon the general public any and all risks that may be created by the carelessness of a child. Still it does not go so far as to hold a child to a degree of care not commensurate with its age and experience. Under present-day circumstances a child of six is permitted to assume many responsibilities. There is much opportunity for him to observe and thus become cognizant of the necessity for exercising some degree of care. Compulsory school attendance, the radio, the movies and traffic conditions all tend to have this effect. Under the Illinois rule a child may be guilty of the most flagrant violation of duty and still not be precluded from recovering damages for injuries suffered partly because of such violation. The Massachusetts rule contemplates justice for all parties, irrespective of age. Jurors, by virtue of their office, are competent to judge whether or not a child has exercised a degree of care commensurate with its age, capacity, and understanding. The Illinois rule has no basis in sound reason or logic. It is based upon an outworn historical rule of criminal law which refused to acknowledge any capacity on the part of any child under seven years of age to distinguish between right and wrong.' " *Tyler* v. *Weed, supra,* p 491.

Justice POTTER apparently considered that *Easton* was in point and referred to it as follows:

"My views were stated in *Easton* v. *Medema,* 246 Mich 130. They did not prevail. The Court announced a rule, supported neither by the canon law, the civil law, the common law, or other law, which excludes intelligence and experience in determining culpability and disregards the rule that everyone is bound to use that degree of care which a reasonably prudent person of like age, intelligence and experience should ordinarily use under like circumstances. A rule that age, not sense; years, not intelligence; length of life, not experience, should govern responsibility for human action is unsound and should be discarded." *Tyler* v. *Weed, supra,* p 493.

The exact point of cleavage between JusticePOTTER and the Chief Justice and his 3 associates is somewhat difficult to pinpoint without again referring to *Easton.* What is apparent is that no more support numerically was mustered for the Massachusetts rule in *Tyler* than for Justice POTTER's espoused rule in *Easton,* namely, 4 members of this Court.

It is understandable why confusion attends the question of exactly what the rule in Michigan is.

We are not satisfied to take the position suggested by appellee that decision on this point is not necessary. The circuit bench and bar are entitled to our answer. If an infant of Billy's age (6 years, 10-1/2 months) can be guilty of contributory negligence, Billy is a classic case of one who was so in fact. He was riding on the wrong side of the street. He rode through a red light. He had been instructed by his parents to get off and "walk" his bike across streets. He testified he was aware of the dangers attendant on what he was doing and that the reason he didn't see defendant's car was that he was trying to see where his brother and the other lad had gone and that he wasn't looking at the road ahead. Under the rule contended for either by Justice POTTER, whatever it is exactly, or by Justice WIEST and

his 3 associates, the question of whether Billy conducted himself as a child of his age, ability, and understanding would have been expected to under the circumstances was properly for the jury. The able trial judge properly instructed the jury, if the rule he determined to be applicable is in fact the controlling rule in our jurisdiction. Contrariwise, if the interpretation of *Easton* and the other cases cited in his opinion in *Tyler* should be that for which Justice McAllister contended, Billy was not chargeable with any contributory negligence as a matter of law, and the question was improperly submitted to the jury.

To decide this question we must either reconcile or choose between 2 apparently contradictory statements of the controlling law:

1. "It is settled law of this State that a child under *6 years* of age cannot be so charged (with contributory negligence)." (Emphasis supplied.) *Easton* v. *Medema, supra,* p 138.

2. "Where the plaintiff is an infant of such tender years as to be without discretion, contributory negligence cannot be imputed to him; and such is the general presumption where the child is under the age of *7 years.*" (Emphasis supplied.) *Mollica* v. *Michigan C. R. Co.,* 170 Mich 96, 101 (LRA 1917F, 118).

Since *Mollica* was the unanimous verdict of the sitting Court (only Justice Bird did not sit), we conclude it announced the rule as of the date of decision (January 26, 1912).

*Easton* was a 4-to-4 decision. The decision of Justice Fead specifically adverted to those past cases where the infant plaintiff was under 6, as was the plaintiff there. Had Justice Fead intended that his decision overrule *Mollica,* it must be assumed he would have said so. Not having so indicated, we are constrained to conclude that his language specifying

6 years as the control age was meant to be applicable to the case he was deciding and was not intended to announce a general rule. We must, therefore, interpret his language in that case to mean that an infant under 6 was included within the general common-law doctrine, previously adopted and generally accepted, setting the age at 7.

We hereby determine that the rule in Michigan was and is, as stated by Justice MCALLISTER in the following language:

"In our determination of this case we follow the common-law rule announced by the numerous authorities, entitled to eminent respect, which hold that an infant under seven years of age is incapable of contributory negligence." *Tyler* v. *Weed, supra,* p 488.

For this reason, we vacate the order denying a motion for a new trial and remand for a new trial.

For guidance of the bench and bar, we add that the testimony as to Billy's conduct is, of course, admissible as it bears upon the question of whether defendant was guilty of any causal negligence.

Reversed and remanded for a new trial. Costs to appellant.

KAVANAGH, C. J., and BLACK, SOURIS, SMITH, and ADAMS, JJ., concurred with O'HARA, J.

KELLY, J. (*dissenting*). I disagree with Justice O'HARA's conclusion that the common-law rule " 'that an infant under seven years of age is incapable of contributory negligence,' " *"was and is   *   *   *    the rule in Michigan."* (Emphasis ours.)

I agree with my Brother's disposition of appellant's claimed error number one referring to the court's refusal to direct a verdict and appellant's

claimed error number two referring to the instruction *in re* emergency doctrine.

Appellant's third and last "Statement of Questions Involved" does not refer to the court's refusal to instruct that plaintiff, being a minor child of six years, could not be charged with contributory negligence, but, rather, complains about the court's instruction in regard to the "possible violation by plaintiff of the 'rules of the road.'"

Under this third assignment, plaintiff calls attention to the court's instruction that:

"I should point out to you that if either driver has been guilty of violating any of these statutes, that that would be negligence per se, or negligence in and of itself. It is thereafter necessary for you to determine from the facts whether or not the violation of the statute was a proximate cause of any of the injuries or damages which later resulted. And then I must limit that further by—in Billy's case, determining—having you determine whether or not the violation of that statute was the proximate cause of any contributory negligence on his part. But further, whether or not a person of the age, ability, discretion, judgment and so forth of Billy would have violated such a statute under the same or similar conditions."

In regard to this instruction, plaintiff contends:

"The trial court committed reversible error in his instructions upon the significance of possible violation by plaintiff of the 'rules of the road.'

"Michigan has long followed the rule that violation of one of the statutes generically referred to as 'rules of the road' is negligence per se.

"We have likewise long recognized that in negligence cases involving children, the standard of care to be required of the child is that degree ordinarily exercised by children of the same age, intelligence, and experience.

"When a child is charged with negligence because of violation of one of the rules of the road, these two principles collide and must be reconciled.

"Although we find no Michigan case recognizing the conflict and dealing with its reconciliation, the weight of authority throughout the country is that the first principle must yield to the second. The generally applied measure of whether the child is guilty of contributory negligence prevails: Has he exercised that degree of care normally to be observed in children of the same age, experience and intelligence? The statute allegedly violated is merely evidence of negligence, and the function of the jury is to determine whether children of the same class as the child before the court normally have the capacity to know of, understand and obey the statute.  *  *  *

"The jury was thus instructed in the first instance that the statutes which had been read to the jury by the trial judge established a standard of care which both 'drivers' were required to measure up to, and that either was guilty of negligence per se if he had violated one of these statutes. The balance of the court's instruction must certainly have left the jury with the impression that the only way in which the harshness of the rule could be tempered for this plaintiff, of age 6 years, 10–1/2 months, was by some unexplained manipulation of the proximate cause rule."

The above quotation of appellant discloses that he understood and is not challenging our holding in *Tyler* v. *Weed,* 285 Mich 460, and, in fact, appellant does not cite or refer to the *Tyler Case* in his brief.

I cannot agree with my Brother's conclusion that since *Tyler* v. *Weed, supra,* confusion has existed with both bench and bar as to whether a plaintiff six years of age or over can be guilty of contributory negligence.

Syllabus 1 in *Tyler* v. *Weed* could not more clearly spell out the rule that has existed, without one appeal

to this Court asking for clarification, in the 25 years since that 1938 decision. Said syllabus reads:

"In minor's action against motorist to recover for injuries he sustained when six years and eight months of age while crossing a street on his way home from school, instruction leaving question of his contributory negligence for jury which was also instructed to consider his age, ability, intelligence and experience in determining whether he conducted himself as a child of his age, ability and understanding would reasonably have been expected to, under like circumstances, *held,* not reversible error."

The first three paragraphs of Chief Justice WIEST's majority opinion discloses that after considering Justice McALLISTER's 29-page opinion analyzing and discussing all previous cases (including *Easton* v. *Medema,* 246 Mich 130, and *Mollica* v. *Michigan Central R. Co.,* 170 Mich 96 [LRA 1917F, 118]) the majority of this Court rejected the common-law rule advocated by Justice McALLISTER's minority opinion. Those three paragraphs of Chief Justice WIEST's opinion are as follows (p 490):

"I cannot join in the holding that a boy, six years and seven months of age, cannot, under any circumstances, be guilty of contributory negligence as a matter of fact, nor can I subscribe to the statement that:

" 'In Michigan, the common-law rule is reaffirmed, and children under the age of seven years are conclusively presumed to be incapable of [contributory] negligence.'

"The common-law rule with reference to nonresponsibility of children under seven years of age, related to criminal acts and ought not, by analogy, because wholly lacking in similarity, be applied to negligence."

The trial court in the instant case did not err in following the majority opinion. The judgment should be affirmed. Costs to appellee.

DETHMERS, J., concurred with KELLY, J.