AMERICAN SEED CO. *v.* COLE.

1. EVIDENCE—CROSS-EXAMINATION—CONCLUSION.

In an action by a corporation against its former secretary for a claimed balance due on account of errors in the keeping of books and omitted charges against his account and other items, the trial court did not err in permitting plaintiff's president to testify on cross-examination that no demand was made on defendant at an annual meeting of plaintiff corporation.

2. SAME—CORPORATE MEETINGS.

Nor was it error to sustain an objection to testimony of the same witness that a certain meeting of the board of directors that defendant claimed was held, in fact never took place, when the point was subsequently developed at length and plaintiff was permitted to cross-examine the witness fully on that subject.

3. SAME—BIAS.

Evidence offered by plaintiff to show that the witness was biased against it, for the reason that a suit had been brought by defendant against witness and the corporation for the specific performance of a certain contract to sell stock, was rightly excluded, where the suit had been afterwards dismissed, and the fact was immaterial to any issue in the case.

4. SAME—BOOKS.

*Held,* also, that plaintiff was not prejudiced by the admission of testimony of plaintiff's bookkeeper as to the charging of an important item on the books that defendant claimed should not have been charged to him, but was advanced to and disbursed by him for necessary expenses of a trip for plaintiff's benefit.

5. SAME.

And where defendant claimed that his salary had been raised by the board of directors of the corporation, which denied it, contending that no such action was taken, defendant was entitled to prove that the books showed a credit of the disputed amount although plaintiff's witnesses testified that the entry was made by mistake.

6. SAME—DIRECTED VERDICT.

Under conflicting testimony, the plaintiff was not entitled to a directed verdict as to everything but the amount due.

7. SAME—BURDEN OF PROOF—ACCOUNT.

It was not error to refuse a request to charge that the burden of proof rested on defendant to show that he had repaid the money he received from plaintiff where he had not received money as agent of the plaintiff, and claimed that the several items were improperly charged against him.

8. SAME—TRIAL—CHARGE.

Plaintiff was not entitled to complain of a charge which was more favorable to it than the testimony justified, where no requests on the specific point were made by plaintiff's counsel.

9. SAME—BURDEN OF PROOF.

The court also correctly instructed the jury that the burden of

proof rested on plaintiff as to each item of its bill of particulars.

10. SAME.

As to the one issue involved in the alleged increase of salary, the burden was on defendant.

11. SAME.

And as to other items of defendant's claim, disallowed by the jury, as a set-off, plaintiff suffered no prejudice from failure of the court to charge that the burden was on defendant.

12. SAME—CHARGE.

It was also proper to charge that the preponderance of the evidence was not to be determined by the number of the witnesses and if the jury believed any witness had testified falsely on a material point, they might disregard the entire testimony of the witness.

13. SAME—TRIAL—BILL OF PARTICULARS.

The conduct of defendant's counsel in requesting that the jury might take to the jury room plaintiff's bill of particulars, which appellant's attorney later consented might be done, was not harmful or improper.

Error to Wayne; Codd, J. Submitted June 6, 1912. (Docket No. 32.) Decided March 20, 1913.

Assumpsit by the American Seed Company against Charles E. Cole in justice's court for money had and received. From a judgment for plaintiff, defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*James H. Pound*, for appellant.

*M. Hubert O'Brien* (*William G. Fitzpatrick*, of counsel), for appellee.

McALVAY, J. Plaintiff, a Michigan corporation, brought suit in assumpsit before a justice of the peace in the city of Detroit and recovered judgment. Defendant appealed to the circuit court, where the trial resulted in a judgment in his favor. From this judgment the plaintiff

has brought the case to this court for review upon a writ of error.

Prior to incorporation, this business was carried on as a copartnership. The business was incorporated in 1901, and all the partners, including defendant Cole, became stockholders therein and have so continued.

In August, 1907, defendant left his employment with D. M. Ferry & Co., of Detroit, which had continued for a period of 20 years, and entered plaintiff's employment as its secretary and treasurer, which continued for a period of about one year, until the annual meeting in 1908, when he was elected to the office of secretary only, and so continued until the annual meeting in 1909, when he was not re-elected a director. The dispute in this case arises out of a claim on the part of plaintiff that while defendant was in its employment, by overdrawing his account and not charging certain items against himself, he became indebted to it.

The original bill of particulars furnished by plaintiff of its claim against defendant in justice's court, and which was used upon the trial in the circuit court, could not be found to be incorporated in the bill of exceptions; and, by stipulation entered into between counsel, a copy of the same was agreed upon and was used for that purpose. This bill of particulars charges against defendant certain items of various amounts aggregating $347.11, and he is credited with certain items aggregating $227.95, showing a balance in favor of plaintiff of $119.16, being the entire claim of plaintiff at that time, which, with interest for two years at 5 per cent. added, would make the exact amount recovered by plaintiff in justice's court.

While acting as secretary and treasurer of the plaintiff, defendant, who was not a bookkeeper, made the original entries in plaintiff's business in a daybook, called the cashbook record, and he did not make entries in any other of the plaintiff's set of books. Plaintiff also drew checks and filled out check stubs of such checks as he drew. During this time, an expert bookkeeper and accountant,

named Lockwood, was employed to keep these, and it was his duty to post the entries made by defendant in plaintiff's books. For this purpose he visited plaintiff's office at least once a month. He took off trial balance, which required checking up the bank book and all the other books. Mr. Lockwood had been engaged on plaintiff's books from the time of its organization.

In 1908, before the annual meeting, the president of the company directed this accountant to examine its books during the previous year, when defendant had acted as treasurer. He did this and reported that he had found certain discrepancies against defendant. Defendant was first informed that there was some claimed irregularity in his account either just before or during the annual meeting in 1908. It was at this meeting that one of the other directors was elected treasurer, and defendant was continued as secretary for the following year. While there is no dispute between these parties as to the facts above stated, there is a sharp dispute upon the subject-matter in controversy in this suit. The contention on the part of plaintiff is that, as treasurer of the company, certain funds came into his hands which he has not accounted for, but has appropriated to his own use; that the record shows that he admits that he has received all of the items charged against him in the bill of particulars; that the burden of proof is on him to show that he has accounted for them; that the court should have directed a verdict for plaintiff, leaving the jury to determine only the amount of such verdict. On the other hand, the contention of the defendant is that all of these items, with the exception of a few of the smaller ones, were improperly charged against him, and are disputed by him; that the large item of $146.36 charged was for expenses incurred for plaintiff during a trip he made, having been sent as a traveling salesman to the Upper Peninsula to secure to the plaintiff that trade, and had been paid to him as such with the knowledge and consent of the president of the company. The record

shows considerable heat, caused by friction between the president of the plaintiff company and defendant.

Numerous errors are assigned, and all of them are discussed. The assignments of error are based upon rulings on the admission or exclusion of testimony; the refusal to give certain requests of the defendant to charge; and the charge of the court. They will be considered in the order presented.

The first assignment of error relates to a question asked on cross-examination of witness Pinten, plaintiff's president, when witness was being examined relative to the occurrences at the stockholders' meeting of September 1, 1908, when defendant was relieved of the office of treasurer. Defendant's counsel it appears was claiming that the officers of the plaintiff had the report of the accountant relative to claimed discrepancies against him and yet continued him in the office of secretary. The question objected to was:

"*Q.* Was there any demand made upon Mr. Cole for payment of this money? * * * At the time of this meeting, yes or no?

"*A.* No demand was made at the time of the meeting."

The objection made was:

"I object because the facts already stated are practical evidence of a demand. There have been other things to show that. He has received a statement. A demand is a conclusion. I submit it is immaterial."

This was cross-examination, and there is a dispute in the record as to whether at that time defendant had received a statement of this claim upon which plaintiff has brought suit. The answer was allowed by the court as "admissible as regards any transactions occurring at the time of this annual meeting." It was not error to admit the question.

The second assignment of error relates to a question on redirect examination of the same witness, asked and answered before any objection was interposed:

"*Q.* Will you tell the jury whether there was ever any such meeting ?

"*A.* There was no such meeting ever held."

This relates to a directors' meeting held April 10, 1909.

The court, in sustaining the objection, gave as his reason that this introduced a side issue, and the examination should be confined to the issues. Counsel for the plaintiff then said, " I cannot say anything against that remark at all." Later in the case testimony concerning this directors' meeting was introduced on the part of defendant for the purpose of showing an increase of the salaries of the officers of the defendant at the meeting referred to in this question, under which defendant claimed a credit of $75 on account of the raise in salaries. Mr. Pinten was afterwards examined at length upon this matter, after the testimony of defendant had been admitted. The court was not in error in the ruling at the time. Plaintiff later had the benefit of a full examination of this witness upon the question.

Objection was made and sustained on the ground of immateriality to the introduction of testimony on the part of plaintiff relative to a certain chancery suit brought by defendant against plaintiff, impleaded with John Pinten, to enforce performance by Pinten of an oral agreement for the sale of 200 shares of plaintiff's stock, wherein the bill was afterwards dismissed. No offer was made showing that this was material to the issue; and it is only claimed that it was for the purpose of showing the bias of the witness. The court properly excluded the testimony.

Defendant testified at length as to the circumstances and character of the expenditures claimed by him to have been made for the benefit of plaintiff, which go to make up the item of $146.36 charged against him, and which he received upon salary voucher August 31, 1908, to which reference has already been made; that such expenses were incurred on this Upper Peninsula trip where

he was in competition with his former employer, the D. M. Ferry Seed Company, represented by its strongest man, and that he gave the circumstances on his return in detail to the company's president, who agreed to present it to the other members for allowance; that the first he heard that it was claimed against him was at or about the time the present suit was commenced (September 10, 1910). This item consisted of money which he advanced and charged as incidental expenses on that trip, and entered the items in the usual way in his expense book as a traveling salesman, which book was turned over by him to their expert accountant and bookkeeper, and was never returned to him.

The only portion of this testimony which we find from the record on this subject that was objected to by counsel for plaintiff was at its close, when witness testified:

"*Q.* At the time of this expense of $146.36, where were you?

"*A.* I was in the Upper Peninsula, away from the city.

"*Q.* Was that money spent?

"*A.* Yes, for incidental expenses in entertaining the trade, in getting the trade lined up for new business. I went up there to secure a line of business, and I faced conditions that compelled me to spend the money."

Counsel for plaintiff said:

"I object to this testimony as incompetent, immaterial, and irrelevant. Objection overruled. Exception for plaintiff."

Upon this, error is assigned. This in reality is the most important item in dispute in the case; and the testimony in regard to it was offered by defendant upon his theory that it was in fact money advanced by him in plaintiff's interest, which was the usual custom of the business; that the account was given to the bookkeeper who, in the usual manner, entered it upon the books, and no question was ever raised about it until about the time this suit was commenced. Upon this matter the bookkeeper, Lockwood,

who had kept the books of the plaintiff from the time of its organization, testified as follows:

"*Q.* I call your attention to the salary voucher of the 31st day of August, 1908. Explain it.

"*A.* When the travelers are on the road they are permitted to draw against their salaries, to make out a receipt, and send it in to the house, which goes in as cash.

"*Q.* So they will have ready money to pay their expenses with?

"*A.* Yes, they draw cash.

"*Q.* Go ahead with the explanation.

"*A.* Mr. Cole was on the road and made a draft of that sort. I am taking this from the books. It shows Mr. Cole was on the road, the expense book."

The testimony in regard to this matter was both material and relevant and properly admitted upon the theory of defendant that the item was improperly charged against him.

Defendant also claimed that, by the action of the directors of plaintiff corporation, the salaries of its officers were increased $25 per month each at a certain meeting held for that purpose. He was the secretary and offered testimony tending to show that he made the minutes of such meeting, as was his custom, on loose sheets of paper, and later transcribed the same into the minute book of the corporation, which record was offered and received in evidence. The president, Pinten, was called and denied that any such meeting was ever held, and that his salary for 1908 was $1,200 per year. Being shown the entry in the ledger, dated May 31, 1909, of $275 in his salary account, he admitted that it was credited to him, and presumed it was due. He also testified that there was a charge of $100 per month for each month of said year over and above the $275 charge, and admits that it was credited for some reason, but he did not know what the item was, but denied that it was for back salary.

Director Gillespie was recalled by defendant and testified that the matter of increasing the salaries $25 per month was talked over when Mr. Pinten was present;

that Mr. Latham's salary was raised to $1,500 for ten months, while in the South, to cover his moving expenses; that the matter of raising his salary and the other salaries was discussed, but no action was taken or record made on the books. His attention was called to the ledger account showing a charge of $275 salary to Pinten, and the same to himself, and admitted that it was a charge to salary account in each instance; but he said that the items were not drawn from the business, although the books showed it; that it was all a mistake; and later, by mistake, he told the bookkeeper to credit their accounts for $275 each. To this testimony counsel for plaintiff objected on the ground that it was incompetent and immaterial, and error is assigned on the action of the court in admitting it. This was the claim of defendant's set-off; and this testimony was introduced to prove and corroborate his own testimony. It was properly admitted, and was a question of fact to be submitted to the jury.

Errors are also assigned on the refusal of the court to give defendant's requests to charge. Eleven of these requests were presented, and none of them were given in the language of counsel. Error is assigned upon the refusal of the court to so give each of these requests. An examination of the charge of the court shows that the substance of each of the first five of these requests was contained in the charge of the court as given. The same may also be said of the eighth, ninth, and tenth.

The sixth was a request to direct a verdict for the plaintiff, leaving only the amount to be determined by the jury. This was properly refused.

The seventh request was based upon the theory that defendant had admitted the items charged against him as having been received, and that it followed that the duty devolved upon him to repay the same, and, if he had not done so, it was the duty of the jury to find for the plaintiff for such sum as the evidence of the plaintiff showed was not satisfactorily accounted for by defendant. This was

properly refused for the reason that it was based upon a false premise.

The eleventh request asked the court to charge that the burden of proving, to the satisfaction of the jury, that he had repaid the money he received from plaintiff was upon him. This request is based upon the theory that where a defendant, in an action for money had and received, admits the receipt of the money as agent for plaintiff, but claims to have paid it over to plaintiff, the burden is upon him to prove such payment. This rule does not apply to the case at bar. There is no admission made in this case by defendant that he received these items as plaintiff's agent, or that he paid the items charged against him over to the plaintiff. His contention is that the most of these items in plaintiff's bill of particulars, for which this suit was brought, were improperly charged against him; that the item of $146.36, advanced by him while traveling on the road for plaintiff as incidental expenses, was credited to him according to the usual custom in plaintiff's business. He admits that a few minor items were not entered and charged in his account by mistake. The remaining assignments of error relate to portions of the charge as given by the court.

The twenty-fourth assignment of error is the first which relates to the charge of the court, and is not a criticism of the charge as given; but error is claimed because the court omitted to charge as counsel desired. This paragraph was given upon plaintiff's theory of the case, and is of considerable length, and need not be quoted. Suffice it to say that, upon the matter which appellant claims the court should have included in this paragraph, no requests were presented. Further, this paragraph, in our opinion, was more favorable to the plaintiff than the case warranted.

The next assignment of error (the twenty-fifth) relates to the charge of the court upon the matter of increased salaries, claimed by defendant to have been voted by the directors. No requests to charge were presented which cover the matter. It would appear that the argument is

directed against the authority of these directors, who held all of the stock, to increase their salaries, and is an argument upon what counsel for appellant claims are facts shown by the record, and not upon a question of law. In our opinion, the charge of the court was proper and without error.

The next assignment of error (the twenty-sixth) upon the charge has already been considered in this opinion in discussing the error assigned upon the refusal to give plaintiff's seventh request to charge.

The twenty-seventh error assigned relates to the charge of the court relative to the item of $146.36, claimed by defendant to have been expended by him for plaintiff. We have already discussed at length this item and the contention of defendant relative thereto. The court properly submitted the question of fact to the jury for its determination.

The twenty-eighth assignment of error relates to the charge of the court upon the matter of increase of salaries, which has already been discussed at length in this opinion, based upon the assignment of error as to receiving this testimony, and also upon the error assigned relative to the charge of the court thereon.

The twenty-ninth assignment of error is a complaint upon the following charge given by the court as to the burden of proof:

" The law rests upon the plaintiff the burden of proof. He must prove to the jury those things which he claims against the defendant by what is called a preponderance of evidence; unless he has done that he cannot recover."

The court was correct in giving the portion of the charge above quoted, which is the portion complained of specifically. The burden of proof was upon the plaintiff to establish every item in his bill of particulars charged against defendant. The question was properly submitted to the jury by this charge.

The one matter of set-off, on the part of defendant, which is presented by this record is the matter of increase

of salary, which he claimed he should be credited with, and upon that item the burden of proof rested upon defendant.

The charge of the court imposed the burden of proof upon the plaintiff only in so far as its bill of particulars was concerned; and we do not find in the charge a like statement relative to this item of set-off. There was no specific request to charge to that effect; and we think that its omission was not prejudicial error, as it is evident from the verdict of the jury that the item for claimed increased salary was not allowed defendant.

The balance claimed by plaintiff against defendant in its bill of particulars was $119.16, which, as already stated, was the amount of the judgment recovered by plaintiff in justice's court, with a small amount for interest added. The disputed item of $146.36, if credited to defendant, would leave plaintiff indebted to him in the sum of $27.20, which was the exact amount of the verdict found by the jury in his favor.

The two last assignments of error upon portions of the charge remain to be considered. The first of these relates to a part of the language of a long paragraph of the charge of the court to the jury relative to the preponderance of evidence, the province of the jury, and its duty relative to weighing and considering the evidence in the case, in which he said, among other things, that the preponderance of the evidence was not determined by the number of witnesses, and that, if the jury believed any witness had falsely testified in any material point, it would have the right to disregard the entire testimony of such witness. This was not erroneous. As to the second, counsel has already discussed it under the twenty-ninth assignment of error and the sixth and seventh requests to charge, which we have already considered and passed upon against the contention of appellant.

The next assignment of error relates to a request made by defendant's attorney that the jury be permitted to take plaintiff's bill of particulars into the jury room. This, at

the time, was objected to by counsel for plaintiff and refused. It is contended that this request of defendant's counsel was prejudicial conduct. We do not agree with counsel. Such a request is not unusual in the trial of jury cases; and later in this case this bill of particulars was, by consent of appellant's counsel, submitted to the jury before verdict.

Error is also assigned upon the charge of the court given to the jury, upon a return for additional instructions after being out for a time. These instructions cover a page of the record; and part of it is a repetition of the substance of the charge already given, the objections to which have all been passed upon. We find no prejudicial error in this charge.

The other errors assigned all relate to the refusal of the court to grant a new trial. This motion being founded upon the contentions of plaintiff, as set forth in the assignments of error which have been discussed in this opinion, it follows, from our conclusions already expressed, that the court was not in error in denying the motion for a new trial.

As we find no prejudicial error in the case, the judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.