HAKLIV v. WOZNAK.

1. AUTOMOBILES—BICYCLES—NEGLIGENCE—REQUEST TO CHARGE—EVI-
DENCE.
Request to charge that defendant motorist was guilty of negli-
gence as a matter of law because she failed to give way to
the vehicle on the right, as required by statute at an intersec-
tion of 2 nonpreferential highways, *held*, properly refused,
where there was testimony that plaintiff, riding as passenger on
the back of a bicycle operated by another boy, was almost to the
intersection about 1 car length in front of defendant, there
being no confession of negligence by defendant and a view of
all the evidence discloses that an issue of fact as to her negli-
gence was presented for jury's consideration (CLS 1956,
§ 257.649).

2. SAME—BICYCLES—NEGLIGENCE—REQUEST TO CHARGE—SPEED—OB-
SERVATION.
Request to charge that defendant eastbound motorist was guilty
of negligence as a matter of law for failure to approach
intersection at a speed so as to be able to stop in the event
some other vehicle reached the intersection at the same time
and because she had failed to make proper observation to make
certain that she could enter the intersection and pass through
it in safety, as required by statute, *held*, properly refused
under testimony adduced in action by northbound bicyclist's
minor passenger for injuries received in collision in the inter-
section whose southwest corner had a high weed-covered em-
bankment and accident occurred in midafternoon on a dry day
in mid-September (CLS 1956, § 257.627).

3. TRIAL—REQUEST TO CHARGE—EVIDENCE.
A trial court is not required to grant requested instructions which
are erroneous as to facts or as to law.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 549, 554,
1013, 1019, 1024.

Appeal from Oakland; Kane (Edward T.), J., presiding. Submitted April 4, 1963. (Calendar No. 29, Docket No. 49,493.) Decided October 10, 1963.

Case by Daniel Hakliv, a minor, by his next friend, Michael Hakliv, against Ameleabel Woznak for personal injuries sustained September 13, 1959, when struck by automobile while riding as a passenger on a bicycle. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Renne, Peres, Powell & Carr* (*Anthony Renne,* of counsel), for plaintiff.

*Howlett, Hartman & Beier* (*William B. Hartman,* of counsel), for defendant.

SMITH, J. Plaintiff, a boy of 7, was riding as passenger on the back of a bicycle operated by another boy, proceeding in a northerly direction on Ennis road at or near the intersection of Hutchins road in White Lake township, Oakland county. Defendant was driving an automobile in an easterly direction on Hutchins road at or near said intersection. A collision occurred between the bicycle and the automobile, and plaintiff was injured. Suit was brought for damages and the jury returned a no cause for action verdict. From an order denying a new trial, appeal is taken. Appellant claimed the trial judge erred in refusing to instruct the jury that the defendant was negligent as a matter of law. His claim is grounded upon the theory that the defendant admitted certain statutory violations upon which an instruction should have been given.

Plaintiff testified that the bike on which he was riding entered the intersection before defendant's car, that he was struck in the intersection by the car "about 12 or 13 feet" from the south line of Hutchins road. He says he first saw the car when it was about

4 or 5 feet away. One of plaintiff's witnesses, the bicycle operator, an 11-year old boy at the time of the accident, was asked the following question:

"*Q*. When you came to Hutchins road, do you know where you were on Ennis road? Were you— which side of Ennis road were you on riding your bike?

"*A*. I was on the left hand, I was just about in the, oh, about in the middle. * * *

"*Q*. When you came to Hutchins road which way were you going to turn?

"*A*. I was going to turn left. * * *

"*Q*. When you started to come to Hutchins road did you see any automobile?

"*A*. No, I was looking straight ahead.

"*Q*. Did you look either way to see if there was an automobile?

"*A*. I looked to my right, by the time I looked to my left I was pulling around the curve, that is when I got hit."

Another witness for plaintiff, a boy, who was riding his own bicycle behind the one on which plaintiff was riding, testified that he was operating his bicycle about 2 feet behind the other bicycle. He said that he first saw the car when he was turning the corner. Both bicycles were in the intersection when plaintiff was struck, he says, but the bicycle on which plaintiff was riding was closer to the middle of the intersection.

The surface of the roads was described as gravel or dirt and somewhat bumpy. There were no traffic control devices at the intersection, no speed limits were posted at or near the intersection. The accident happened in the middle of the afternoon on a dry day. Hutchins road was described as 25 to 30 feet wide, it was said to be "a little wider" than Ennis road.

Defendant testified that on the day in question she was driving in an easterly direction on Hutchins

road and as she approached its intersection with Ennis road she was traveling "25 or under."

"*Q.* Tell us, will you, in your own words just what happened as you. approached the intersection of Ennis?

"*A.* As I was approaching the intersection I don't suppose I more than glanced toward the direction of the street Ennis but all of a sudden the boys were in front of me."

In addition, she said that the boys on the bicycle were about 1 car length in front of her and that "they were coming from my right trying to get over to my left." She testified further that she immediately stepped on the brakes but not in time so as to be able to avoid the collision. After the collision, she said that the front of her car was slightly east of the westerly line of Ennis road. Defendant further testified that the 2 boys on a bicycle were "Almost to the intersection when I saw them first." A witness for plaintiff testified that the view of defendant to her right was obstructed by an embankment 4 feet high topped with weeds.

Plaintiff insists that he was entitled to instructions that defendant, by her own admissions in court, was guilty of negligence, as a matter of law. One instruction requested was substantially as follows: "from the undisputed facts", defendant is guilty of negligence as a matter of law, because she failed "to give way to the vehicle on the right," citing CLS 1956, § 257.649 (Stat Ann 1957 Cum Supp § 9.2349). Defendant's testimony, cited above, patently is no proof of judicial confession of negligence. Plaintiff's position was placed by defendant as "almost to the intersection" about 1 car length in front of her. Standing alone, this amounts to no confession of negligence. Viewed in light of all the testimony, it is apparent that an issue of fact was presented. The trial judge, therefore, properly refused the request.

Plaintiff's second request to charge was that as a matter of law defendant was guilty of negligence because she had failed "to approach the intersection at a speed so as to be able to stop in the event some other vehicle reached the intersection at the same time", and that she had failed "to make proper observation to make certain that she could enter the intersection and pass through the intersection in safety," citing CLS 1956, § 257.627 (Stat Ann 1957 Cum Supp § 9.2327). Again, plaintiff based this request upon his interpretation of defendant's testimony, which, he says, showed conclusively that she entered the intersection without making a proper observation. Defendant's testimony relied upon by plaintiff to prove this point was that given on direct examination: "As I was approaching the intersection I don't suppose I more than glanced toward the direction of the street Ennis but all of a sudden the boys were in front of me." As a colloquial answer, it is hard to say what was intended. At any rate, it is not possibe to conclude from this answer that defendant was confessing to a failure to make a proper observation before entering the intersection. Certainly, it warranted no instruction that defendant was guilty of negligence, in this regard, as a matter of law. The trial judge properly refused this request also.

The trial court is not required to grant requested instructions which are erroneous as to facts, *McNetton v. Herb,* 158 Mich 525, *American Seed Co. v. Cole,* 174 Mich 42, or as to law, *Elias v. Hess,* 327 Mich 323, *Hakkers v. Hansen,* 337 Mich 620.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and O'HARA, JJ., concurred.